

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VICKI HAYES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17 C 237 |
| CAROLYN COLVIN, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Vicki Hayes' (Hayes) motion for summary judgment and Defendant Social Security Administration's (SSA) motion for summary judgment. For the reasons stated below, SSA's motion is denied, Hayes' motion is granted in part, and this matter is remanded to SSA for further proceedings consistent with this opinion.

## BACKGROUND

In 2014, Hayes applied for Disability Insurance Benefits, and in 2015 she applied for Supplemental Security Income. On July 25, 2016, after a hearing (Hearing) before an Administrative Law Judge (ALJ), a decision was entered against Hayes. On November 16, 2016, the Appeals Council denied a request for review,

1

and on January 12, 2017, Hayes filed the instant appeal. Hayes has filed a motion for summary judgment, seeking to have the ALJ's decision reversed and remanded for an award of benefits, and seeking in the alternative to have this case remanded to the ALJ for further proceedings to correct errors made by the ALJ. SSA has filed a motion for summary judgment seeking to have the ALJ's decision affirmed.

## LEGAL STANDARD

Pursuant to 42 U.S.C. §405(g), a party can seek judicial review of administrative decisions made under the Social Security Act. When an ALJ's decision is deemed to be "the final action of the Social Security Administration, the reviewing district court examines the ALJ's decision to determine whether substantial evidence supports it and whether the ALJ applied the proper legal criteria." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011).

## DISCUSSION

An ALJ examines a claim of disability under a five-step process. *Craft v. Astrue*, 539 F.3d 668, 673-74 (7th Cir. 2008). In step one, the ALJ "considers whether the applicant is engaging in substantial gainful activity." *Id.* In step two, the ALJ "evaluates whether an alleged physical or mental impairment is severe, medically determinable, and meets a durational requirement." *Id.* In step three, the ALJ "compares the impairment to a list of impairments that are considered

2

conclusively disabling." *Id.* If the applicant's impairment satisfies "or equals one of the listed impairments, then the applicant is considered disabled" and the inquiry ends. *Id.* If the inquiry continues, in step four, the ALJ "assesses an applicant's residual functional capacity (RFC) and ability to engage in past relevant work." *Id.* In step five, the ALJ "assesses the applicant's RFC, as well as her age, education, and work experience to determine whether the applicant can engage in other work," and "[i]f the applicant can engage in other work, he is not disabled." *Id.*

In the instant appeal, Hayes argues: (1) that the ALJ erred in her evaluation of Hayes' statements as to symptoms and limits, (2) that the ALJ erred in her RFC evaluation, and (3) that the ALJ erred in her finding that Hayes could perform past relevant work.

I. Assessment of Hayes' Statements as to Symptoms and Limits

Hayes argues that the ALJ's assessment of Hayes' statements as to her symptoms and limits was legally insufficient. The ALJ concluded that Hayes' "statements concerning the intensity, persistence and limiting effects of" her claimed "symptoms [were] not entirely consistent with the medical evidence and other evidence in the record. . . ." (AR 23). The ALJ also indicated that "[i]n evaluating" Hayes' symptoms, the ALJ found that "the alleged symptoms [were] not consistent with and supported by the evidence of record." (AR 25). The Seventh Circuit has indicated that "administrative law judges aren't in the business of impeaching

3

claimants' character. . . ." *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016)(noting that "administrative law judges will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence").

In the instant action, the ALJ failed to point to objective medical evidence that contradicted Hayes' alleged symptoms. The ALJ noted that a surgeon indicated that Hayes had only mild spinal stenosis. (AR 25); (AR 337). However, the ALJ failed to adequately explain why Hayes' symptoms could not have been connected to her diagnosed lumbar radiculopathy or radiculitis. (AR 337; 345). The ALJ also relied on the absence of evidence in an EMG, but fails to explain why such evidence would be sufficient to contradict or negate the diagnosis of medical professionals in the record. (AR 25-26). The ALJ in finding symptom fluctuations also failed to address whether the treatment with potent medications might have caused such fluctuations.

The ALJ also discounted Hayes' claims as to pain because Hayes declined to seek more invasive treatment. (AR 26). The ALJ acknowledged that Hayes indicated that she declined such treatment due to fear of such surgery. (AR 26). The ALJ failed to adequately explore whether Hayes avoided certain treatments because of a lack of pain or because of a true subjective fear. The ALJ also concluded that Hayes was not being truthful about her symptoms because Hayes admitted to caring for her young grandson after school. (AR 25). However, Hayes was not necessarily

4

exaggerating her symptoms because she performed such necessary services for her grandson. The fact that she struggled through such symptoms to assist a family member should not have been held against her without sufficient explanation. In addition, such assistance to family members often does not have a strict schedule and requirements associated with work in employment. On remand, the ALJ should adequately explain her decision to accept or discount the symptoms alleged by Hayes.

II. RFC Evaluation

Hayes argues that the ALJ erred in her RFC evaluation. An RFC constitutes "an assessment of what work-related activities the claimant can perform despite her limitations" and such a determination must be made "based on all the relevant evidence in the record." *Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004). In the instant action, the ALJ concluded that Hayes could perform sedentary work, but that she would require a sit/stand option after sitting for 1 hour and she can stand for 5 minutes, and then sit again without being off task. (AR 22). The ALJ failed to adequately explain what evidence the ALJ relied upon in coming to such conclusions. The ALJ also failed to explain why she was discounting Hayes' statements as to her limitations in regard to sitting and standing. The ALJ also indicated that she gave "some weight to the opinions of the State agency physicians" but failed to adequately point to evidence that would lead her to reject such opinions.

5

(AR 26). The ALJ also failed to adequately explain that she considered Hayes' radiculopathy or radiculitis and leg pain or consider all of Hayes' impairments in their totality. *Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2014)(indicating that an ALJ must consider the effect of the combination of impairments). In regard to Hayes' claims as to severe headaches at times, the ALJ noted that Hayes denied that she had headaches at times. (AR 26). On remand, the ALJ should adequately explore evidence relating to Hayes' headaches and her choice of treatment for such headaches and address whether drowsiness may have been caused by Hayes' medication, and address indications of shaking, tightness, and weakness in Hayes' hands. On remand the ALJ should also further explore evidence relating to Hayes' depression and anxiety and its duration.

III. Ability to Perform Past Relevant Work

Hayes contends that the ALJ erred in finding that she was able to perform past relevant work. The Seventh Circuit has made clear that "an ALJ cannot describe a claimant's job in a generic way—there, 'sedentary'—and conclude, on the basis of the claimant's residual capacity, that she can return to her previous work." *Nolen v. Sullivan*, 939 F.2d 516, 518 (7th Cir. 1991). Instead, if the ALJ finds the claimant has the ability to perform past relevant work, "the ALJ must list the specific physical requirements of the previous job and assess, in light of the available evidence, the claimant's ability to perform these tasks." *Id.* In the instant action, the ALJ provided

6

only a general statement as to the ability to perform past relevant work as a telemarketer, but the ALJ failed to address the specific mental and physical demands that were connected to such a job. On remand the ALJ should provide such details in regard to the ability to perform past relevant work. Based on the above, Hayes' motion for summary judgment is granted in part and SSA's motion for summary judgment is denied.

## CONCLUSION

Based on the foregoing analysis, SSA's motion is denied, Hayes' motion is granted in part, and this matter is remanded to SSA for further proceedings consistent with this opinion.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 9, 2017